14-2278
Ren v. Lynch

BIA
Cheng, IJ
A087 769 922

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of June, two thousand fifteen.

PRESENT:
         ROBERT A. KATZMANN,
                 *Chief Judge,*
         DENNIS JACOBS,
         SUSAN L. CARNEY,
                 *Circuit Judges.*

_____

HAI REN,
         *Petitioner,*

         v.                                          14-2278
                                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo &
                         Fasano, LLP, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Anna Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hai Ren, a native and citizen of the People's Republic of China, seeks review of a May 27, 2014 decision of the BIA affirming an October 17, 2011 decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hai Ren,* No. A087 769 922 (B.I.A. May 27, 2014), *aff'g* No. A087 769 922 (Immig. Ct. N.Y.C. Oct. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

## I.   Adverse Credibility Determination

For asylum applications like Ren's, governed by the REAL ID Act, an IJ may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.  Here, the IJ's adverse credibility determination is based on substantial evidence.

Ren sought relief based on his claim that he was arrested, detained, and beaten while attending an underground Christian church in China.  The IJ reasonably relied on an inconsistency between Ren's testimony and application concerning the beating he suffered in China.  Ren testified that he was beaten twice while detained, but his application mentions only a single beating.  Ren stated that he forgot to mention the second

beating in his application.  The IJ was not required to accept this explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on her observations of Ren's demeanor, including his evasive, nonresponsive answers to questions concerning his employment in the United States.  This Court affords particular deference to the IJ's observations of an alien's demeanor, and the record amply supports the IJ's finding that Ren gave evasive, nonresponsive testimony that negatively affected his credibility.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also reasonably relied on other, minor discrepancies in the record.  *See Xiu Xia Lin*, 534 F.3d at 163-64; *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (holding that IJ may rely on cumulative effect of "collateral or ancillary" inconsistencies in finding alien not credible (internal quotation marks omitted)).

Based on the inconsistency and demeanor findings, the IJ's adverse credibility determination is supported by substantial evidence.  This finding was sufficient to dispose of Ren's

claims for asylum and withholding of removal based on past persecution, as they relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

## II. Pattern or Practice of Persecution

To show a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must show a reasonable possibility that authorities in his country are either aware of his activities or likely to become aware of them. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam). An alien may make this showing by "prov[ing] the existence of 'a pattern or practice in his or her country . . . of persecution of a group of persons similarly situated to the applicant.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)). To establish a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

The IJ reasonably found that the Chinese government does not have a pattern or practice of persecuting Christians who attend underground churches.  The 2010 State Department Report reveals sporadic, localized harassment of underground Christian groups.  In some areas, local authorities approved of underground church activities in spite of the official state ban.

Based on this evidence, the IJ reasonably required locality-specific evidence of persecution near Linjiang, Ren's home city; Ren submitted no such evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165 (2d Cir. 2008).  Other than the State Department Report, Ren submitted only three articles in support of his pattern-or-practice claim.  None of these articles concerns Ren's home province or indicates that the Chinese government systematically persecutes Christians.

Considering the record as a whole, the agency reasonably denied Ren's pattern-or-practice claim.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009)(per curiam).  This ruling was sufficient to deny withholding of removal based on future persecution as well as to deny CAT relief, as both claims relied on the same factual predicate.  *See Paul*, 444 F.3d at

156; *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7